# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

---

IN RE: SOUTH AFRICAN APARTHEID LITIGATION
Nos. 14-3589, 14-3607

---

On Appeal from the United States District Court
for the Southern District of New York

---

# MEMORANDUM OF LAW IN OPPOSITION OF
# APPELLEES' MOTION TO CONSOLIDATE APPEALS, OR IN THE
# ALTERNATIVE, TO ASSIGN APPEALS TO PANEL BEFORE WHICH
# CASE NO. 09-2778 IS PENDING

---

Plaintiffs-Appellants respectfully submit this Memorandum of Law in Opposition to Defendants-Appellees' Motion to Consolidate Appeals filed on October 17, 2014 (Dkt. 69). In their motion, Defendants-Appellees request that these appeals be consolidated with a pending appeal in *Balintulo v. Daimler AG*, No. 09-2778, and be heard by the same panel. Plaintiffs-Appellants respectfully disagree.

## ARGUMENT

These appeals should not be consolidated with the *Balintulo* appeal. The previous appeal is no longer pending and the issue held in abeyance by the *Balintulo* court is clearly moot. These new appeals should be assigned according

to established Second Circuit procedure based on the principle and practice of random assignment. Because the Court will be reviewing legal issues in these cases *de novo*, reconstituting a previous panel to explore, on the merits, newly-alleged facts and legal issues is neither fair nor efficient. Plaintiffs-Appellants respectfully request that a new, randomly assigned merits panel consider these appeals.

The single issue that the *Balintulo* panel held in abeyance is moot and therefore provides no basis for that panel to hear these appeals. Although the *Balintulo* court denied Defendants' writ of mandamus and sent the cases back to the district court, it held one putative issue in abeyance—whether the collateral order doctrine entitled Defendants to an interlocutory appeal. The *Balintulo* panel advised the parties to "inform this Court, when appropriate, [when] this matter [the collateral order doctrine issue] has been rendered moot." *Balintulo v. Daimler AG*, 727 F.3d 174, 193 (2d Cir. 2013).

On August 28, 2014, the district court granted Defendants' Motion to Dismiss with prejudice, *In re South African Apartheid Litigation*, 2014 WL 4290444, at *6 (S.D.N.Y. Aug. 28, 2014), giving Defendants the relief they sought when they asked the Second Circuit to hear their appeal via the collateral order doctrine or a writ of mandamus. *Balintulo*, 727 F.3d at 181. Defendants therefore have nothing left to appeal and can no longer assert that "the district court's order

denying their motion to dismiss is a 'collateral order,' subject to immediate appellate review," *Id.* at 193. Plaintiffs—not Defendants—are now the Appellants, and do not seek collateral order review. The panel therefore has no occasion to consider the "putative appeal" that it previously held in abeyance.

Assigning these appeals to a pre-constituted panel for *de novo* review would violate the principle of random assignment. The current appeals present entirely new legal issues arising out of the district court's decision to deny Plaintiffs leave to amend their complaints. The district court held that it would be futile to allow Plaintiffs leave to amend based on a legal interpretation that their claims could not overcome the presumption against extraterritoriality under the Alien Tort Statute ("ATS"), 28 USC § 1350. *In re S. African Apartheid Litig.*, 2014 WL 4290444, at *6. Contrary to the assertions in Defendants-Appellees' brief, although the *Balintulo* panel considered the issue of extraterritoriality in dicta, it declined to reach the merits of the case and declined to establish jurisdiction over the appeal.[1] Indeed, the key holding of *Balintulo* was that the Second Circuit did not have jurisdiction over the Defendants' appeal for the writ of mandamus. *Balintulo*, 727 F.3d at 194.

---

[1] The *Balintulo* panel explained that it did not "formally 'remand' the case, having not yet recognized jurisdiction under the collateral order doctrine," but still "presume[d]" that the district court had "jurisdiction to continue with the case in the absence of a stay from this court pending resolution of the appeal." *Balintulo*, 727 F.3d at 193 n.30 (internal quotation marks omitted).

There is no fairness or efficiency reason to direct these appeals to the prior panel—quite the opposite. The merits questions presented by this appeal have not been the subject of full briefing, including amicus briefs, before any panel, and the *Balintulo* court did not hear oral argument on the key extraterritoriality question now at issue. Thus, there is no judicial economy in returning the new appeals to the *Balintulo* panel, since it has no specific expertise on the issues at hand. The *Balintulo* panel did express its initial views on the extraterritoriality question in dictum, and thus it appears from Defendants' request that they improperly seek to direct the outcome of these appeals.

Accordingly, Plaintiffs-Appellants request that these appeals be assigned to a merits panel by the normal random assignment rules applicable to all appeals in this Circuit. Plaintiffs include thousands of South African workers and others harmed by Defendants-Appellees' complicity in forcefully perpetrating the Apartheid regime. The South African government has expressed its view that this forum is an appropriate one for the resolution of those claims. In these circumstances, to safeguard the principle of fair and even-handed justice, these appeals should be randomly assigned to a new panel.

## CONCLUSION

For the foregoing reasons, Defendants-Appellees' Motion to Consolidate should be denied.

Dated: October 27, 2014

Respectfully submitted,

/s/ Paul L. Hoffman
Paul L. Hoffman
SCHONBRUN DeSIMONE SEPLOW
 HARRIS & HOFFMAN, LLP
723 Ocean Front Walk
Venice, CA 90291
Tel: (310) 396-0731
*Counsel for Ntsebeza Plaintiffs-Appellants*

/s/ Michael D. Hausfeld
Michael D. Hausfeld
HAUSFELD LLP
1700 K Street, Suite 650
Washington, DC 20006
Tel: (202) 540-7200
*Counsel for Balintulo Plaintiffs-Appellants*

Diane E. Sammons
NAGEL RICE, LLP
103 Eisenhower Parkway, Suite 103
Roseland, NJ 07088
Tel: (973) 618-0400
*Counsel for Ntsebeza Plaintiffs-Appellants*

Tyler R. Giannini, Esq.
International Human Rights Clinic,
Human Rights Program
Harvard Law School
Pound Hall 401
1563 Massachusetts Avenue
Cambridge, MA 02138
Tel: (617) 496-7368
*Counsel for Ntsebeza Plaintiffs-Appellants*

Susan H. Farbstein, Esq.
International Human Rights Clinic,
Human Rights Program
Harvard Law School

Pound Hall 401
1563 Massachusetts Avenue
Cambridge, MA 02138
Tel: (617) 495-9362
*Counsel for Ntsebeza Plaintiffs-*
*Appellants*

Judith Brown Chomsky, Esq.
Law Offices Of Judith Brown Chomsky
Post Office Box 29726
Elkins Park, PA 19027
Tel: (215) 782-8367
*Counsel for Ntsebeza Plaintiffs-*
*Appellants*

## CERTIFICATE OF SERVICE

I, Diane E. Sammons, hereby certify that I caused a true and correct copy of the foregoing ***Memorandum of Law in Opposition of Appellees' Motion to Consolidate Appeals, or in the Alternative, to Assign Appeals to Panel Before Which Case No. 09-2778 is Pending*** to be served on all counsel of record via CM/ECF on October 27, 2014.

*/s/ Diane E. Sammons*
Diane E. Sammons